VERCADE *v.* VERCADE.

DIVORCE — GROUNDS — EXTREME CRUELTY — DESERTION— SUFFI-
CIENCY.

> Desertion for a less period than the statutory two years cannot be ground for divorce on the claim that the particular act of desertion constitutes extreme cruelty.

Appeal from Ottawa; Padgham, J. Submitted Jan-
24, 1907. (Docket No. 104.) Decided March 5, 1907.

Bill by John Vercade against Maggie Vercade for a divorce. Defendant filed an answer in the nature of a cross-bill asking for a divorce. From a decree for complainant, and dismissing the cross-bill, defendant appeals. Reversed as to complainant, and bill dismissed.

*George A. Farr,* for complainant.

*Walter I. Lillie,* for defendant.

HOOKER, J. The complainant, a man 65 years of age, married the defendant, aged 35. After living with him 23 days, she left him, claiming to be afraid of him. At the time she left he was afflicted with neuralgia, and has since had a stroke of paralysis. She took with her some $60 in money and a certificate of deposit for $700, which he had confided to her keeping. Complainant's bill asks divorce on the ground of extreme cruelty. The parties were married on December 12, 1905, separated on January 5, 1906, and the bill was sworn to on February 16, 1906. Both desertion and extreme cruelty are made grounds for divorce in the same section of our statute.

The inference that mere desertion, continued less than two years, may justify a divorce on the ground of extreme cruelty, is precluded by the requirement that the desertion must be " utter," and continue for two years, to be a ground for divorce. Calling desertion by another name will not help the matter. In our opinion, the evidence does not make out a case of extreme cruelty. We find nothing in the testimony warranting the claim that the defendant's conduct while living with the complainant was such as to subvert the family relation by rendering association with her intolerable. On the contrary, the complainant appears to have desired its continuance; but she chose to leave him and go to her father. He was willing that she should leave for a visit, and wanted her to do so. She determined that she would leave, and not return.

The decree granting a divorce to complainant is reversed, and affirmed as regards the dismissal of the cross-bill. It appearing that the complainant is entitled to the certificate of deposit, defendant will be denied costs, unless said certificate shall be delivered to complainant within 30 days, in which event she shall recover costs of both courts. No alimony will be allowed, beyond the $60 referred to, which she may retain.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.